# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**DONNA KANE,**
    Plaintiff,

                                               17cv1364 (WWE)

       v.

**NK INVESTMENTS, LP,**
**STEINBRECHER AND ASSOCS.,**
**INC., and BNSF RAILWAY COMPANY**
    Defendants.

## MEMORANDUM OF DECISION ON MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM

In this action, plaintiff Donna Kane alleges that defendant Steinbrecher and Associates is liable for breach of contract, and that defendant BNSF Railway Company is liable for tortious interference with plaintiff's contract with Steinbrecher.

Defendants now move for dismissal based on lack of personal jurisdiction, improper venue and failure to state a claim.

For the following reasons, the motion to dismiss will be granted.

## BACKGROUND

Plaintiff's complaint alleges the following factual background. The Court also includes additional facts that have been averred to in affidavits.

1

Defendant has submitted affidavits from James Obermiller, BNSF's Director of Compliance and information Governance, and Susan Steinbrecher. The affidavit from Steinbrecher includes the relevant contract attached as an exhibit. The Court's consideration of a motion to dismiss for lack of personal jurisdiction may include materials outside the pleading including affidavits. <u>Alpha Capital Anstalt v. Oxysure Sys., Inc.</u>, 2017 WL 2271518, at *2 (S.D.N.Y. May 8, 2017).

Plaintiff is a resident of Connecticut; defendant Steinbrecher is a Texas corporation based in Hurst, Texas; and BNSF Railway Company is a Delaware corporation based in Fort Worth, Texas.

Steinbrecher provides education and training services to BNSF. Commencing in 2013, plaintiff worked for Steinbrecher as a leadership trainer. As of February 2017, plaintiff and Steinbrecher had entered into a written service contract.

In February 2017, plaintiff was assigned to conduct a training for BNSF at a Doubletree Hotel in San Bernadino, California. During her stay, plaintiff reported to the hotel manager that she had suffered from the presence of bed bugs in her room. She later sent the manager an email expressing her dissatisfaction with the hotel.

Later, while working at an event for Steinbrecher in Texas, plaintiff received an email from a Doubletree representative that was copied to a representative from BNSF. Plaintiff had not been aware that the Doubletree and BNSF, or its employee, had a longstanding relationship with one another.

On February 22, 2017, Linda Steinbrecher, Steinbrecher's owner, requested that plaintiff participate in a conference call. During the call on March 9, 2017, Ms. Steinbrecher was located in Texas. She conveyed to plaintiff that BNSF had demanded that she have no further involvement with any training conducted by Steinbrecher for BNSF. Later that day, Ms. Steinbrecher called plaintiff to terminate her employment.

## DISCUSSION

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). At this stage of the proceedings, if the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff. CutCo

Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). To determine personal jurisdiction, the court must consider the facts as they exist at the time of plaintiff's filing. Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 937 F.2d 44, 52 (2d Cir. 1991).

To survive a pretrial motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Kernan v. Kurz-Hastings, Inc., 175 F. 3d 236, 240 (2d Cir. 1999). The amenability of a nonresident to suit in a federal court in a diversity action is determined according to the law of the state where the court sits. Arrowsmith v. United Press Int'l, 320 F. 2d 219, 223 (2d Cir. 1963). In Connecticut, the court makes a two step inquiry. Bensmiller v. E.I. Dupont de Nemours & Co., 47 F. 3d 79, 81 (2d Cir. 1995). The court first determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long arm statute.

If jurisdiction is permissible under the long arm statute, the court then determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's due process clause. Metropolitan Life Insurance Company v. Robertson-CECO Corp., 84 F.3d

4

560, 567 (2d Cir.). Either specific jurisdiction or general jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. Milne v. Catuogno Court Reporting Svcs., Inc., 239 F. Supp. 2d 195, 203 (D. Conn. 2002).

"Where the claim arises out of, or relates to, the defendant's contacts with the forum—i.e., specific jurisdiction—minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002). General jurisdiction may be asserted regardless of whether the claim arises from the corporation's forum contacts only where these contacts are continuous and systematic. U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 241 F.3d 135, 152 (2d Cir. 2001).

Finally, a court must also determine whether the assertion of personal jurisdiction comports with traditional due process notions of fair play and substantial justice or whether it is reasonable under the circumstances of a particular case. International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945). Whether it is "reasonable" to exercise jurisdiction in a particular case

depends on "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996).

The long-arm statute relevant to corporations, Connecticut General Statute § 33-929(f), provides, in relevant part:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state … on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

6

### Section 33-929 Applied to defendant BNSF

Under Section 33-929(f)(4), a corporate defendant's tortious conduct must be "directly and expressly targeted" at Connecticut; it is not sufficient that the tortious conduct caused injury in Connecticut. See <u>Gen. Star Indemn. Co. v. Anheuser-Busch Cos., Inc.</u>, 199 F.3d 1322, 1999 WL 1024708, at *1 (2d Cir. 1999). Here, plaintiff has not asserted that defendant BNSF engaged in tortious conduct directly and expressly targeted at Connecticut. The assertedly tortious communication—BNSF's request to Steinbrecher that plaintiff no longer provide training for BNSF--is not alleged to have occurred in Connecticut but rather in Texas.

### Section 33-929 applied to defendant Steinbrecher

Under Section 33-929(f)(1), Steinbrecher could be subject to personal jurisdiction in Connecticut if the contract was "made" in Connecticut or was to be performed in Connecticut. Under Connecticut law, a contract is "made" when and where the last thing is done to create an effective agreement. <u>Open Sols. Inc. v. Granite Credit Union</u>, 2013 WL 5435105, at *2 (D. Conn. Sept. 29, 2013); <u>Johnson v. Webtab, Inc.</u>, 2018 WL 632313, *5 (Conn. Super. Ct. Jan. 12, 2018).

The copy of the contract attached to Ms. Steinbrecher's affidavit indicates that she signed the agreement on February 29, 2017, after plaintiff signed the agreement on February 16, 2017. Defendant represents that Steinbrecher rendered the contract enforceable by signing the contract in Texas after plaintiff had signed it in Connecticut. Plaintiff's opposition to the motion does not counter these assertions.

Additionally, the contractual terms provide that "the project scope is a minimum of 100 one-day classes to be held across various cities within the United States," to take place "across 40 plus locations in the United States." Defendant states that the contract was limited to facilitating employee training for BNSF, which has no employees in Connecticut. Plaintiff's opposition does not counter these representations regarding performance. Accordingly, the Court finds that the contract was neither made in Connecticut nor was it to be performed in Connecticut.

Plaintiff has addressed neither defendants' arguments that general jurisdiction is lacking nor that personal jurisdiction over the defendants would not comport with due process. The Court will grant the motion to dismiss for lack of personal jurisdiction over defendant Steinbrecher and BNSF.

Improper Venue

Defendants assert that even if personal jurisdiction were proper, Connecticut is the improper venue under 28 U.S.C .§1391. In determining whether venue is proper, the Court should identify the nature of the claims and acts or omissions giving rise to such claim; and whether a substantial part of those acts or omissions occurred in the district where suit was filed. Daniel v. Am. Bd. of Emer. Med., 428 F.3d 408, 432 (2d Cir. 2005). As previously discussed, plaintiff's complaint fails to allege that any act by BNSF occurred in Connecticut. Plaintiff did sign the contract in Connecticut, but it was rendered an enforceable contract when Ms. Steinbrecher signed the contract in Texas. Plaintiff's conduct in Texas led to her the termination of her contract with Steinbrecher. Further, Ms. Steinbrecher was in Texas when she informed plaintiff that her employment was terminated. Plaintiff has not alleged her location during that phone call. In her opposition brief, plaintiff has represented that the largest portion of events giving rise to this case occurred in Texas. Thus, the Court finds that the significant conduct that is material to plaintiff's claims occurred in Texas rather than in Connecticut. The Court will grant the motion to dismiss on the basis of improper venue.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. 20] is GRANTED for lack of personal jurisdiction or, alternatively, for improper venue. The clerk is instructed to close this case.

/s/Warren W. Eginton
Warren W. Eginton
Senior United States District Judge

Dated this _24th__th day of April, 2018 in Bridgeport, Connecticut.